## NOLAND v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 23, 1926.)

No. 4708.

1. Jury ⚖131(13).

Refusal to permit individual voir dire examination of prospective jurors in White Slave Act prosecution *held* no abuse of discretion.

2. Jury ⚖131(4).

Refusal to permit examination of prospective jurors as to whether they had been witnesses in similar White Slave Act prosecution *held* no abuse of discretion.

3. Criminal law ⚖1169(1)—Prostitution ⚖4 —In White Slave Act prosecution, evidence as to defendant being twice married and divorced held not error, but, if so, harmless.

Admission of testimony on cross-examination that defendant in White Slave Act prosecution had been twice married and divorced *held* not error, where it appeared from colloquy between court and counsel defendant's attorney had interrogated defendant about one divorce; but, even if error, it was not prejudicial.

4. Witnesses ⚖393(3)—That prosecuting witness in White Slave Act prosecution did not inform grand jury and officers of presence of defendant's niece at time of intercourse, a fact to which she testified at trial, held not admissible.

Where prosecutrix in White Slave Act prosecution had testified to act of intercourse with defendant in back seat of automobile, while defendant's niece slept in front seat, objection to cross-examination of witness, whether she had told prosecuting officers and grand jury of niece's presence, *held* properly sustained; evidence as to her failure to volunteer more information than was sought from her tending in no way to impeach her.

5. Witnesses ⚖330(1)—Prosecutrix in White Slave Act prosecution having testified to intercourse in presence of defendant's niece, asleep in automobile, question as to whether niece had been called before grand jury held immaterial, as not impeaching.

Where prosecutrix in White Slave Act prosecution had testified to act of intercourse with defendant in back seat of automobile, while defendant's niece slept on front seat, objection to question on cross-examination whether niece had been called as witness by grand jury was properly sustained; evidence not tending to impeach witness.

6. Criminal law ⚖693—Objection to evidence that prosecutrix in white slave case contracted venereal disease too late when first interposed to corroborating testimony.

Where prosecuting witness in White Slave Act prosecution testified directly without objection as to contraction of venereal disease, objection thereto, first interposed to corroborating evidence, came too late.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Jack Noland was convicted for violating the White Slave Traffic Act, and he brings error. Affirmed.

Barnett H. Goldstein, Arthur M. Dibble, and E. M. Morton, all of Portland, Or., for plaintiff in error.

George Neuner, U. S. Atty., of Portland, Or.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the White Slave Traffic Act (Comp. St. §§ 8812–8819).

[1, 2] At the commencement of the trial, counsel for the plaintiff in error called attention to some new rule of the court, and stated that he desired the record to show that he requested the privilege of examining prospective jurors individually on their voir dire. The court refused this request, but permitted counsel to examine the jurors collectively, or as a whole. In the course of the examination, counsel asked the jurors whether any of them had ever been a witness in a similar case. The court stated that this question went beyond the rule, and sustained an objection. Counsel then caused to be placed in the record four or five additional questions, and now assigns error on the refusal of the court to permit these questions to be propounded or answered. The record discloses no such ruling. The only rulings made by the court, so far as the record discloses, was the ruling refusing to permit counsel to examine the jurors individually and the ruling sustaining an objection to the first question above set forth. We are satisfied that there was no abuse of discretion in the rulings thus made, and at this time we are not concerned with the validity of the rule of court, or with the more general question as to how far a court may lawfully curtail the right of counsel to examine prospective jurors as a basis for challenge, either peremptorily or for cause.

[3] On cross-examination the plaintiff in error was asked if he had not been twice married, and if his wife had not obtained a divorce from him on each occasion. The admission of this testimony is assigned as error. Such testimony would seem to be utterly irrelevant on a trial of this kind, but the question arose in this way: The prosecuting witness testified that the plaintiff in error had promised to marry her, and that he told her, among other things, that he had been married once before and had obtained a divorce. So

far as the record before us discloses, the plaintiff in error said nothing about either a marriage or a divorce on his direct examination, and in that event the cross-examination was at least improper. It is apparent, however, from a colloquy between the court and counsel, that the bill of exceptions does not contain all the testimony given by the plaintiff in error on direct examination, because in the course of that colloquy the court stated that the attorney for the plaintiff in error had interrogated the witness about one divorce. Assuming this to be true, it was not error to permit the government to inquire about a second one. There was no error, therefore, in the ruling complained of, and, in any event, it is not at all clear to us that the testimony was prejudicial.

[4, 5] The prosecuting witness further testified that the act of intercourse upon which the government relied took place in the back seat of an automobile while a niece of the plaintiff in error of the age of 15 or 16 years was sleeping in the front seat. On cross-examination she was asked if she had told the prosecuting officers and the grand jury that the niece was with them on the trip, and if she had made a full disclosure of all the facts to the prosecuting officers and to the grand jury. The court sustained an objection to the question, and the ruling is assigned as error. The testimony sought to be elicited would in no way tend to impeach the witness. If she gave the prosecuting officers and the grand jury all the information they sought, her failure to volunteer more would have no tendency to impeach her, although it might, perhaps, impugn in some way the motives of the prosecuting officers. The same is true of the question whether the niece was called as a witness before the grand jury. On the trial of the indictment the court below had no concern with that question.

[6] The admission of testimony tending to show that the prosecuting witness contracted a venereal disease is also assigned as error. On her direct examination the witness testified, without objection, that some time after she began to have intercourse with the plaintiff in error she observed symptoms which would indicate that she had a venereal disease; that thereafter she confided in her foster mother, and was taken to the Women's Protective Division of the Police Department, where the trouble was diagnosed as gonorrhea; that this diagnosis was later confirmed by another doctor; that the plaintiff in error told her that there was nothing the

matter, but to go to a doctor, and he would pay the bill; and that the plaintiff in error offered to send her to a sanatorium and to defray the expenses until she was cured. As already stated, this testimony went in without objection. The first and only objection interposed was to certain corroborating testimony given by other witnesses. Under these circumstances, the harm had already been done, if harm it was, and the objection came too late.

This disposes of the principal assignments, and, finding no error in the record, the judgment is affirmed.