## BRADSHAW v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 15, 1926.)

No. 4924.

1. Criminal law ⊂⇒1167(2)—That indictment charged in three counts only one offense is not prejudicial error, where sentence was as for one offense.

That an indictment contained different counts, each based on the same alleged facts, and in effect charging the same offense, on each of which defendant was convicted, was without prejudice, and not ground for reversal, where sentence was imposed for a single offense.

2. Jury ⊂⇒131(13)—Refusal to permit counsel to examine jurors individually on voir dire held not error.

Examination of jurors on their voir dire by the trial judge, in accordance with a rule of court, and refusal to permit counsel to examine jurors individually, but with an offer to put any proper question requested, held not error.

3. Criminal law ⊂⇒1038(3), 1056(1)—Charge is not reviewable, where not excepted to and further instructions not requested.

A charge is not reviewable, when not excepted to and no request was made for further instructions.

4. Bribery ⊂⇒6(1)—Indictment for attempting to bribe juror held to sufficiently aver defendant's knowledge that such person was a juror (Penal Code, § 131 [Comp. St. § 10301]).

In an indictment for attempted bribery, under Penal Code, § 131 (Comp. St. § 10301), alleging that defendant made an offer of property to an impaneled juror with intent to influence his action in the case, knowledge of defendant that the person to whom the offer was made is necessarily implied, and is a sufficient averment of such knowledge, at least after verdict.

5. Criminal law ⊂⇒1038(3), 1044—To allege error, remarks of counsel must be met by motion to strike or request for instruction.

Defendant cannot allege error because of alleged prejudicial remarks of district attorney, in absence of motion to strike out or request for instruction.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Criminal prosecution by the United States against Paul Bradshaw. Judgment of conviction, and defendant brings error. Affirmed.

The indictment in this case contains three counts, based on substantially the same facts or transactions. Each count charges that on a certain date there was on trial in the District Court of the United States for the Dis-

trict of Oregon a certain cause, then and there at issue, wherein the United States of America was plaintiff and Arthur Christensen, Robert Smith, and A. C. Smith, were defendants, on an indictment charging said defendants with a violation of sections 3 and 25 of title 2 of the National Prohibition Act (Comp. St. §§ 10138½aa, 10138½m), and with a conspiracy to violate the same two sections; that a petit jury was duly impaneled, sworn, and qualified to try said cause; and that one James Ernest Lawrence was then and there duly selected and qualified as a member of such jury.

The first count then charges that the defendant Bradshaw did unlawfully, feloniously, and corruptly offer and cause to be offered certain property, to wit, a suit of clothes to said James Ernest Lawrence, so duly impaneled and sworn to try the issues of said cause, with intent on the part of the said defendant to corruptly influence the action, vote, and decision of the said James Ernest Lawrence in said cause.

The second count charges that the defendant Bradshaw did unlawfully, feloniously, and corruptly endeavor to influence and impede James Ernest Lawrence, duly impaneled and sworn to serve as a petit juror as aforesaid, in the discharge of his duties as a juror, by then and there enlisting the aid of one Francis W. Mason to offer a suit of clothes to said James Ernest Lawrence if he would render a verdict in favor of the defendants in said case, and did then and there and thereby unlawfully and corruptly endeavor to have said Francis W. Mason solicit and persuade and endeavor to influence said juror James Ernest Lawrence to return a verdict favorable to the defendants in said cause.

The third count charges that the defendant Bradshaw did unlawfully, feloniously, and corruptly endeavor to influence, obstruct, and impede the due administration of justice in the District Court of the United States for the District of Oregon in the same cause, by then and there unlawfully, feloniously, and corruptly endeavoring to influence and impede said James Ernest Lawrence, then and there duly impaneled and sworn to serve as a juror to hear the issues in said case, by then and there enlisting the aid of one Francis W. Mason to offer a pecuniary consideration, to wit, a suit of clothes, to said James Ernest Lawrence if he would render a verdict in favor of the defendants in said cause, and did then and there and thereby unlawfully and corruptly endeavor to have said Francis W. Mason solicit and persuade and endeavor to influence said juror James Ernest Lawrence

to return a verdict in favor of the defendants in said cause.

A motion to quash the indictment was interposed, upon the ground that two counts of the indictment were simply a repetition of the same alleged facts, and that an attempt was made to carve two alleged crimes out of the same alleged facts. A demurrer was interposed upon the same ground, and upon the further ground that counts 1 and 2 of the indictment did not state facts sufficient to constitute crime. The motion to quash and the demurrer were overruled. Upon the trial, the jury returned a verdict of guilty as to all three counts, and the judgment on the verdict has been brought here for review.

Tom Garland, of Portland, Or., for plaintiff in error.

George Neuner, U. S. Atty., and Millar E. McGilchrist, Asst. U. S. Atty., both of Portland, Or., for the United States.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

RUDKIN, Circuit Judge (after stating the facts as above). [1] The rulings of the court below on the demurrer to the indictment and on the motion to quash are assigned as error. The basis of the assignment is that the government has improperly attempted to carve three crimes out of one. But if the contention is well founded, the plaintiff in error was not prejudiced, because in the end the court imposed but a single sentence as for a single crime on all three counts.

[2] For the purposes of the record, counsel for the plaintiff in error asked permission to examine the jurors individually upon their voir dire. This request was denied, the court stating that, if counsel had any questions to ask, the court would gladly propound them. The ruling is assigned as error. No further request was made by counsel to examine the jurors individually, no reason was assigned for any such examination, and under the circumstances there was no error in the ruling complained of. Noland v. United States (C. C. A.) 10 F.(2d) 768. See, also, Kurczak v. United States (C. C. A.) 14 F.(2d) 109.

[3] It is next contended that the instructions of the court contain only a general statement of the law relating to the crime of bribery, and, if three separate crimes are charged, the instructions do not attempt to define them, or the elements of which they consist. It is a sufficient answer to this to say that no exception was taken to the charge of the court as given, and no request was made for further instructions. There is, therefore, nothing be-

fore this court for review. In any event, the instructions were as full and complete as would seem necessary, in view of the simple nature of the charge.

Section 131 of the Federal Penal Code (Comp. St. § 10301) provides that whoever, directly or indirectly, shall give or offer, or cause to be given or offered, any money, property, or value of any kind, or any promise or agreement therefor, or any other bribe, to any judge, judicial officer, or other person authorized by any law of the United States to hear or determine any question, matter, cause, proceeding, or controversy, with intent to influence his action, vote, opinion, or decision thereon, shall be deemed guilty of an offense, and the plaintiff in error contends that a trial juror does not come within the purview of that section. If it be conceded that the first count of the indictment charges no crime, and we make no such concession, the judgment is still amply supported by the remaining counts, and the error, if any, was without prejudice.

[4] It is next contended that the court should have dismissed all three counts of the indictment of its own motion, because each of the counts fails to charge or allege that the plaintiff in error knew that Lawrence was a juror. Of course, no offense was committed, in the absence of such knowledge; but knowledge is necessarily implied from the facts charged in each of the counts. The first count charges that the plaintiff in error offered and caused to be offered to the juror in question a suit of clothes, with intent to corruptly influence his action, vote, or decision; the second count charges that the plaintiff in error corruptly endeavored to influence and impede Lawrence in the discharge of his duty, by enlisting the aid of one Mason to offer him a bribe if he would render a verdict in favor of the defendants; and the third count is substantially the same. While the indictment contained no direct averment that the plaintiff in error had knowledge that Lawrence was a juror, it does contain averments from which such knowledge is necessarily implied, and that is sufficient, at least, after verdict. Gay v. United States (C. C. A.) 12 F.(2d) 433, 435.

[5] It is lastly contended that the court erred in refusing to grant a new trial because of the bitter denunciation of the plaintiff in error by the assistant United States attorney in his closing argument to the jury. No motion was made to strike the objectional remarks at the time they were made, and there was no request for an instruction in relation

thereto. There is therefore nothing before us for review. McDonough v. United States (C. C. A.) 299 F. 30; Maki v. United States (C. C. A.) 12 F.(2d) 668.

The judgment of the court below is affirmed.