## BONNESS et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
June 27, 1927.

No. 4984.

1. Jury ⚖️131(13)—Refusal to permit examination of jury on voir dire and asking of general questions held not error.

Refusal of court to permit counsel to examine jurors separately on their voir dire and to permit asking of general questions *held* not erroneous.

2. Prostitution ⚖️4—Extent to which defendants may go into collateral facts rests in trial court's discretion (Comp. St. §§ 8812–8819).

Extent to which defendants in prosecution under the White Slave Traffic Act (Comp. St. §§ 8812–8819) would be permitted to go into collateral facts rests in the sound discretion of the trial court.

**3. Prostitution ⊜⊐4—Excluding testimony that defendants, charged with violation of White Slave Traffic Act, had made previous trips with one of same girls, held not abuse of discretion (Comp. St. §§ 8812–8819).**

In prosecution under the White Slave Traffic Act (Comp. St. §§ 8812–8819), excluding testimony tending to show defendants had made several previous trips with one of girls whom they were charged with transporting, at which times they were accompanied by her mother and other members of family and friends, *held* not abuse of discretion, in view of lack of conflict in testimony showing that excluded testimony could have no controlling effect on the verdict.

**4. Witnesses ⊜⊐337(4)—Cross-examining defendant, charged with violation of White Slave Traffic Act, as to stopping at hotel with same girl, following return from trip charged, held proper (Comp. St. §§ 8812–8819).**

In prosecution under the White Slave Traffic Act (Comp. St. §§ 8812–8819), cross-examination of defendant relative to stopping at hotel on return from trip with same girl he was charged with transporting *held* not erroneous, even though not competent and material on question of intent, since testimony tending to show that they had stopped at another hotel after their return would tend to impeach witness' testimony relative to stopping at different hotels during trip charged.

**5. Criminal law ⊜⊐779—Only right which defendant has relative to testimony competent as against other defendant is to have instruction given to disregard testimony as to him (White Slave Traffic Act [Comp. St. §§ 8812–8819]).**

If testimony was competent as against one of two defendants charged with violation of White Slave Traffic Act (Comp. St. §§ 8812–8819), the utmost right the other could claim would be to have jury instructed to disregard testimony as to him.

**6. Criminal law ⊜⊐829(1), 834(2)—Court need not repeat same proposition of law in charge, nor employ exact language of requests.**

Court, in giving charge, need not repeat same proposition of law a number of times, nor need it employ exact language of requests, though such requests state law correctly.

**7. Criminal law ⊜⊐829(3)—Requests that gist of offense under White Slave Traffic Act was immoral purpose formed before crossing boundary held sufficiently embodied in general charge (Comp. St. §§ 8812–8819).**

In prosecution under the White Slave Traffic Act (Comp. St. §§ 8812–8819), requested charges to effect that immoral purpose was gist of offense, and that purpose must have been formed in minds of defendants before they crossed boundary line, *held* sufficiently embodied in general charge, stating that defendants were on trial only for transporting girls in foreign commerce for an immoral purpose.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Justus I. Bonness and another were convicted under the White Slave Traffic Act, and they bring error. Affirmed.

Shorett, McLaren & Shorett and Jay C. Allen, all of Seattle, Wash. (John R. Walthew, of Seattle, Wash., of counsel), for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and Anthony Savage and Paul D. Coles, Asst. U. S. Attys., all of Seattle, Wash.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the White Slave Traffic Act (Comp. St. §§ 8812–8819). The indictment charged that the two plaintiffs in error on July 3, 1925, transported two girls, in foreign commerce, from the city of Seattle, in the state of Washington, to the city of Vancouver, in the Dominion of Canada, as passengers in a Chevrolet touring automobile, for the purpose of prostitution, debauchery, concubinage, and other immoral purposes, to wit: That the plaintiff in error Bonness should and would engage in illicit sexual intercourse with one of the girls, and that the plaintiff in error Grimes should and would engage in illicit sexual intercourse with the other girl, in the city of Vancouver, in the Dominion of Canada.

The testimony shows that the plaintiffs in error and the two girls left Seattle on the evening of July 3, and drove to Bellingham, Wash., where they stopped for the night. There they registered at a hotel and occupied two rooms. On the following day they drove from Bellingham to Vancouver, British Columbia, where they again stopped for the night, occupying two rooms in the same hotel. At both hotels they all registered under assumed names. Up to this point there was no conflict in the testimony. One of the girls further testified that at both Bellingham and Vancouver she occupied one of the rooms with one of the plaintiffs in error and had illicit relations with him, and the other girl testified that at both Bellingham and Vancouver she occupied the other room with the other plaintiff in error and had illicit relations with him. The plaintiffs in error, on the other hand, testified that the two girls occupied one of the rooms at both Bellingham and Vancouver, that they occupied the other room, and that they had no illicit relations with either of the girls at either place.

[1] The first three assignments of error are

based· on the refusal of the court to permit counsel to examine the jurors separately on their voir dire, and upon the refusal of the court to permit the asking of such general questions as: Now, do you know of any reason at all that would prevent you doing by these men as you would like to be done by, if you were situated in similar circumstances? You realize that every man is presumed to be innocent until proven guilty by evidence which convinces your mind beyond a reasonable doubt? And if, after hearing all the evidence, you have a reasonable doubt as to the guilt of these men, or either of them, will you follow the instructions of the court, and give them the benefit of such doubt? There was no error or abuse of discretion in these rulings. Shively v. United States (C. C. A.) 299 F. 710; Noland v. United States (C. C. A.) 10 F.(2d) 768; Kurczak v. United States (C. C. A.) 14 F.(2d) 109; Bradshaw v. United States (C. C. A.) 15 F.(2d) 970.

[2, 3] The next several assignments are based on rulings of the court excluding testimony tending to show that the plaintiffs in error had made several previous trips with one of the same girls, accompanied by her mother and other members of the family, and by friends. This testimony was offered for the purpose of showing that the trip to Vancouver was made for an innocent purpose. If testimony as to the previous relations of the parties is competent to show an unlawful purpose, it is equally competent to show an innocent one. But the extent to which parties will be permitted to go into collateral facts rests in the sound discretion of the trial court, from the necessities of the case, and we fail to see any abuse of discretion here. An examination of the entire record discloses little if any conflict in the testimony, and little if any dispute over the arrangements for the trip, or the trip itself, until the parties reached Bellingham, so that the excluded testimony could have no controlling effect upon the verdict. For the like reason, the court did not err in excluding testimony tending to show how the parties came to meet on the streets of the city of Seattle on the evening of their departure for Bellingham, or how they came to register under assumed names. The testimony admitted, shows quite clearly all the circumstances surrounding their meeting and their reasons for registering as they did.·

[4] On cross-examination of the plaintiff in error Grimes, he was asked whether he had not registered at a hotel in the city of Seattle on July 6, the day following his return from Vancouver, under an assumed name, with the girl who testified that she had occupied the same room with the witness at Bellingham and Vancouver, and whether or not he had not spent the night with her there. The witness did not admit that such was the fact, but his evasive answer was tantamount to an admission. The ruling of the court admitting this testimony is assigned as error. The plaintiffs in error contend that this testimony was not competent for the purpose of proving the intent with which the trip to Vancouver was made, or for any other purpose, and in this connection our attention is directed to numerous decisions in so-called sexual cases, such as adultery and the like. There a wide latitude is universally permitted in the admission of testimony tending to prove previous acts and previous relations of the parties, and many courts, though perhaps a minority, extend the rule so as to include subsequent acts and subsequent relations as well. See note to People v. Molineux, 62 L. R. A. 193–329. But this case does not belong to that class. Sexual intercourse is not an element of the crime here charged. At best it is only a circumstance tending to prove the purpose for which the transportation was made. The government contends that the testimony was competent and material on the question of intent, but with that contention we are unable to agree. Manifestly a single isolated act such as this committed some two days after the trip ended could have little or no tendency to prove the purpose for which a trip in foreign commerce was made two days before. But, nevertheless, we think the question was proper on cross-examination.

[5] There was testimony tending to prove that the same parties had stopped at two different hotels under assumed names some two days before, and testimony tending to show that they stopped at another hotel under the same circumstances two days later, would necessarily tend in a measure to impeach the testimony of the witness. It would at least tend to prove that nothing was lacking on the prior occasions save the opportunity. It is said that the testimony was in any event incompetent as against the other plaintiff in error, but if competent as against one, the utmost right the other could claim would be to have the jury instructed to disregard the testimony as to him, and it does not appear that any such request was made.

[6, 7] A number of the assignments are based on the refusal of the court to give certain instructions requested by the plaintiffs in error. Nearly all of these requests were of like import. Their substance was that the immor-

al purpose was the gist of the offense and that this purpose must have been formed in the minds of the plaintiffs in error before they crossed the international boundary line. Nearly, if not all the requests stated the law correctly, but the court was not called upon to repeat the same proposition of law a number of times, nor was it called upon to employ the exact language of the requests. In its instructions, the court charged the jury explicitly that the plaintiffs in error were not on trial for having illicit relations at Bellingham or Vancouver; that they were on trial only for transporting the girls in foreign commerce for an immoral purpose, and the requests were, therefore, sufficiently embodied in the general charge of the court.

Exceptions were also reserved to certain instructions given by the court. Certain portions of the charge were argumentative in form and for that reason objectionable, but when a court attempts to review and comment on the testimony, it is very easy to step over the shadowy line that divides mere comment from argument. In practice it is always better to keep on the safe side, but we are not prepared to say that the charge before us is erroneous in that regard. See, generally, Cook v. United States (C. C. A.) 18 F.(2d) 50.

We have thus reviewed the more important assignments, at least, and, finding no prejudicial error in the record, the judgment is affirmed.