800 F.2d 953
 21 Fed. R. Evid. Serv. 914
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald David NORMANDEAU, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Arthur GIBBONS, a/k/a John Roberts, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nolan Edward BREWER, Defendant-Appellant.
 Nos. 85-3048, 85-3049 and 85-3050.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 10, 1986.
Decided Sept. 25, 1986.
 
 William Redkey, Jr., Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.
 Donald M. Re, Los Angeles, Cal., Jeffrey M. Evans, Reno, Nev., Irwin H. Schwartz, Seattle, Wash., for defendants-appellants.
 Appeal from the United States District Court for the Western District of Washington.
 Before KENNEDY, SCHROEDER and CANBY, Circuit Judges.
 CANBY, Circuit Judge:
 
 
 1
 In these consolidated appeals, Ronald Normandeau, John Gibbons and Nolan Brewer challenge their convictions arising from a scheme to import 1200 pounds of marijuana.
 
 BACKGROUND
 
 2
 On September 28, 1984, a shipment of 54 crates arrived in Seattle, Washington, from Bombay, India. The crates were consigned to Gibbons Brothers, Ltd., an automobile parts business. A routine inspection by the U.S. Customs Service revealed that each crate contained 20 automobile engine mounts and weighed about 80 pounds. During the inspection, customs agents drilled into one of the motor mounts and found that it contained a vegetative material that field tests showed was hashish.
 
 
 3
 Agents of the Drug Enforcement Administration and the Customs Service arranged for a controlled delivery of the crates to defendant Gibbons as well as surveillance of Gibbons and his office. Agents observed Gibbons associating with appellants Normandeau and Brewer. For nearly two weeks, the three were seen meeting at various locations, moving from hotel to hotel and engaging in "counter-surveillance" tactics. They were also observed in and around the office where the crates were being stored.
 
 
 4
 On October 24, 1984, Gibbons arrived at the office driving a rented truck. While he loaded half of the crates into the truck, Normandeau and Brewer were observed acting as lookouts, patrolling the area on foot and in rented cars. When Gibbons drove off, Brewer followed in his rental car; both took circuitous routes to a Bellevue, Washington, shopping center parking lot. Normandeau's rented car was also observed at the shopping center. The men conferred briefly and then split up, each taking different routes to a storage facility in Issaquah, Washington. Normandeau parked his car across the street and joined Brewer in his car, which was seen parked at the end of a row of storage lockers with its lights out. When Gibbons arrived in the truck, Brewer flashed his lights. Gibbons then proceeded to a locker and unloaded the crates after Normandeau and Brewer, together in Brewer's car, had taken up a position to observe the facility's entrance. Agents then moved in and arrested the three.
 
 
 5
 Shortly thereafter, search warrants were executed for the storage locker and the office. In addition to the engine mounts, officers found an electronic tracking device used to detect the presence of surveillance. In a warrantless search of Normandeau's rented car shortly after the arrests, agents found a testing apparatus and operation manual for the tracking device.
 
 
 6
 Agents later found that the engine mounts in all 54 crates contained hashish. Approximately 1210 pounds was recovered. Appellants were variously charged in a five-count indictment. After a four-day trial, Normandeau and Brewer were found guilty of conspiracy to import marijuana, 21 U.S.C. Sec. 846; aiding and abetting possession of more than 1000 pounds of marijuana with intent to distribute, 21 U.S.C. Secs. 841(a)(1), 841(b)(6); and aiding and abetting the receipt, concealment and transportation of illegally imported material, 18 U.S.C. Secs. 2, 545. For his part as principle, Gibbons was convicted of conspiracy; possession with intent to distribute; receipt, concealment and transportation of illegally imported material; and unlawful importation of a controlled substance, 21 U.S.C. Secs. 952, 960(a)(1), 960(b)(2). All were sentenced to substantial fines and prison terms. All three received felony sentences under 21 U.S.C. Sec. 841(b)(6), which provides for enhanced penalties for violations of 21 U.S.C. Sec. 841(a) involving in excess of 1000 pounds of marijuana. They appeal on various grounds. We affirm.
 
 DISCUSSION
 I. Enhanced Penalty Provision
 
 7
 All three appellants complain of the enhancement of their punishment under 21 U.S.C. Sec. 841(b)(6) (1982).[1] Without the enhancement provision, appellants would be liable only for a maximum penalty of five years in prison and a $15,000 fine. 21 U.S.C. Sec. 841(b)(1)(B) (1982). Appellants contend that the government failed to prove they knew that the engine mounts contained more than 1000 pounds of marijuana.
 
 
 8
 Appellants' argument presupposes that knowledge of the amount of marijuana involved is an element of the aggravated offense. We hold that it is not. Section 841(b)(6) is merely a penalty provision, and its provisions are "wholly separate" from the definition of unlawful acts included in 21 U.S.C. Sec. 841(a). United States v. Alvarez, 735 F.2d 461, 467 (11th Cir.1984); accord United States v. Wright, 742 F.2d 1215, 1220 (9th Cir.1984).
 
 
 9
 The Alvarez court invalidated enhanced sentences imposed under section 841(b)(6) because the indictment never alleged that the offense there involved more than 1000 pounds of marijuana. In order to impose the enhanced penalties under section 841(b)(6), that court required an allegation in the indictment and proof at trial that enough marijuana was involved to trigger the enhanced penalty provisions. The court did not, however, hold that the government must prove a defendant's subjective knowledge of the weight of marijuana in issue.
 
 
 10
 It may be that the indictment must allege that more than 1000 pounds of marijuana was involved before the government may seek enhanced sentences.[2] But proof of the amount involved is far different from proof that the defendants knew of the amount. Nothing in the statute hints that Congress intended to place such a burden on the prosecution. Congress simply wanted to deal more severely with large-volume marijuana dealers. See Wright, 742 F.2d at 1220. We conclude that proof that an accused knew how much marijuana was involved is not an element of a section 841(a) offense.[3] Through their involvement in the illegal transaction, defendants assumed the risk of enhanced penalties if the government could show that their offense involved more than 1000 pounds of marijuana.
 
 II. Evidence of Prior Conduct
 
 11
 Normandeau next argues that it was error to permit the government to present evidence that he had been in Seattle with Gibbons when two earlier shipments of motor mounts had arrived. Because the government offered no evidence that the prior shipments contained marijuana, Normandeau argues that the evidence was irrelevant, highly prejudicial and inadmissible under Federal Rules of Evidence 404(b) and 403.
 
 
 12
 The admission of evidence of prior acts is a matter within the trial court's discretion. United States v. Cutler, 676 F.2d 1245, 1249 (9th Cir.1982). Here, there was clear and convincing evidence that Normandeau had traveled to Seattle and associated with Gibbons in connection with two prior shipments of motor mounts. These trips occurred within eight months of the charged offense, and they involved apparently similar activity. Because conspiracy was a charged offense, association and plan were essential elements to be proved at trial. We therefore disagree with Normandeau's argument that the evidence was irrelevant. The evidence satisfies each of the factors we have identified as relevant to the court's exercise of discretion to admit evidence of this kind. See United States v. Bailleaux, 685 F.2d 1105, 1109-10 (9th Cir.1982).
 
 
 13
 Once the evidence is admissible under Rule 404(b), Rule 403 requires the court to determine whether its probative value outweighs its potential prejudicial effect. Again, this balancing is reviewed for an abuse of discretion. United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir.1982).
 
 
 14
 The record shows that the trial court conducted a hearing on whether to admit the prior acts evidence and recognized and considered fully the potential for prejudice to Normandeau. Normandeau was free at all times to argue to the jury his point that the evidence merely showed his involvement in a legal business transaction and proved nothing about prior illicit dealings. We find no abuse of discretion.
 
 III. Search of Normandeau's Car
 
 15
 Normandeau also complains that his rented car was illegally searched and that the fruits of that search should have been suppressed. The car had been parked in a lot near the storage facility where appellants were arrested, and it was searched without a warrant shortly after their arrest. Because we conclude that agents had probable cause to conduct the search, we reject Normandeau's contention.[4]
 
 
 16
 In California v. Carney, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), the Supreme Court pointed out that the public is accorded a reduced expectation of privacy in motor vehicles. Because of the inherent mobility of automobiles, the Court has recognized a significant societal interest in permitting warrantless automobile searches when supported by probable cause. Id. 105 S.Ct. at 2070. In Carney, for example, the Court upheld a warrantless search of a motor home because officers had "abundant probable cause" to believe that the defendant in the case was distributing a controlled substance from the vehicle. Id. at 2071.
 
 
 17
 Since Carney, we have held that an automobile parked in a public place may be searched without a warrant so long as police have probable cause to conduct the search. United States v. Bagley, 772 F.2d 482, 491 (9th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1986). Nothing further need be shown. Normandeau's car was parked in a public place.
 
 
 18
 The question before us, then, is whether agents had probable cause to search the vehicle. We conclude that they did. Although the district court apparently made no express finding of probable cause to search, the court, after hearing all of the facts, did state that it believed a search warrant would have been issued had it been requested.[5] We agree. Normandeau had been seen associating with the other defendants throughout the surveillance period. Normandeau was observed acting as a lookout both at Gibbons's office and at the storage facility where the arrests were made. During this period, he had been driving the rental car that the police ultimately searched. Normandeau's car was observed in close proximity to Brewer's car and Gibbons's truck on the day of the arrest. He parked the car near the storage facility before he joined Brewer as a lookout. These and other facts in the record establish probable cause to believe that the vehicle was used in the commission of a crime and that evidence or contraband might be found therein. The car search was proper, and the motion to suppress was properly denied.
 
 IV. Sufficiency of the Indictment
 
 19
 Count V of the indictment in this case charged a violation of 18 U.S.C. Sec. 545 (1982),[6] alleging that Gibbons "receive[d], conceal[ed] and facilitate[d] the concealment and transportation of ... [more than] 1,000 pounds of marijuana in the form of hashish, knowing that [it] had been imported into the United States contrary to law." Gibbons challenges the sufficiency of this allegation because it fails to specify what law the importation violated. We review the sufficiency of an indictment de novo. United States v. Givens, 767 F.2d 574, 584 (9th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 321, 88 L.Ed.2d 304 (1985).
 
 
 20
 To be sufficient, an indictment must state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against him, primarily so that he can defend himself against the charge and plead double jeopardy in appropriate cases. Id.; see Fed.R.Crim.P. 7(c)(1). To ascertain whether an indictment adequately performs this function, we have held that an indictment must "be read in its entirety" and "construed according to common sense." United States v. Drew, 722 F.2d 551, 552 (9th Cir.1983), cert. denied, 467 U.S. 1216, 104 S.Ct. 2661, 81 L.Ed.2d 367 (1984); see also Hamling v. United States, 418 U.S. 87, 117-18, 94 S.Ct. 2887, 2907-08, 41 L.Ed.2d 590 (1974). The key question in these inquiries is whether an error or omission in an indictment worked to the prejudice of the accused. If it did not, a conviction will not be reversed merely because a minor or technical deficiency in the indictment is later discovered. See Smith v. United States, 360 U.S. 1, 9, 79 S.Ct. 991, 996, 3 L.Ed.2d 1041 (1959).
 
 
 21
 We find that the indictment here, read as a whole, adequately apprised Gibbons of the charges against him and was therefore legally sufficient. While Count V did not specify what law was violated by the importation of marijuana, another count made clear that such importation violated 21 U.S.C. Secs. 952, 960. We have no doubt that Gibbons was fully aware of the charges against him and was able to prepare an adequate defense to the charges based on the information in the indictment.
 
 
 22
 Gibbons relies on cases that have construed the words "contrary to law" in section 545 as incomplete to inform an accused of the illegality charged without reference to some additional statute that the defendant's action allegedly violated. See Keck v. United States, 172 U.S. 434, 437, 19 S.Ct. 254, 254-55, 43 L.Ed. 505 (1899); Olais-Castro v. United States, 416 F.2d 1155, 1158 & n. 8 (9th Cir.1969). We conclude that these cases are inapposite.
 
 
 23
 In Keck, the defendant was charged with importing diamonds "contrary to law." The diamonds were not contraband, and there could easily have been confusion over what law was violated. While other counts alleged that the diamonds had been imported without payment of the proper duty, that reference does not necessarily establish what law was meant in the count alleging a violation of section 545. We find no such uncertainty with regard to the charge here.
 
 
 24
 Similarly, in Olais-Castro, we observed that the phrase "contrary to law" in section 545 is "not complete in itself. It is necessary to look elsewhere to see when importation or bringing in of merchanidse is 'contrary to law.' " Olais-Castro, 416 F.2d at 1158; see also Current v. United States, 287 F.2d 268, 269 (9th Cir.1961). That statement was made in the context of a discussion of section 545 as a lesser-included offense of other crimes. It does not preclude looking "elsewhere" in the indictment to determine what law is violated by importation, as may appropriately be done in the circumstances of the present case.
 
 
 25
 We conclude, therefore, that the indictment sufficiently informed Gibbons of the nature of the section 545 charge so that no prejudice to him could have ensued. Absent such prejudice, the conviction may not be reversed for any omission in the indictment. Fed.R.Crim.P. 7(c)(3).V. Sufficiency of the Evidence
 
 
 26
 In one way or another, all three appellants contend that the evidence against them was insufficient to support their convictions on one or more the charges. In evaluating this claim, we view the evidence in the light most favorable to the government. If we find that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original), we must affirm.
 
 
 27
 Our examination of the record convinces us that a rational trier of fact could have found all three appellants guilty of the offenses charged. We accordingly reject this contention.
 
 CONCLUSION
 
 28
 The judgments in all three appeals are AFFIRMED.
 
 
 
 [1]
 21 U.S.C. Sec. 841(b)(6) states, in pertinent part:
 In the case of a violation of [21 U.S.C. Sec. 841(a) ] involving a quantity of marihuana exceeding 1,000 pounds, such person shall be sentenced to a term of imprisonment of not more than 15 years, and, in addition, may be fined not more than $125,000.
 
 
 [2]
 We need not decide this issue today because the indictment in this case clearly alleged that more than 1000 pounds of marijuana was involved
 
 
 [3]
 We note that aiders and abettors are liable as principles so long as the proof against them encompasses the same elements as would be required to convict the principal. United States v. Short, 493 F.2d 1170, 1172, modified on other grounds, 500 F.2d 676 (9th Cir.), cert. denied, 419 U.S. 1000, 95 S.Ct. 317, 42 L.Ed.2d 275 (1974). Our holding that knowledge of quantity is not an element of a section 841(a) offense therefore serves to affirm the convictions of all three appellants
 
 
 [4]
 The district court upheld the automobile search and seizure under the inevitable discovery doctrine. See Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). Because of our conclusion that the search was supported by probable cause, we need not decide the applicability of the inevitable discovery doctrine to this case
 
 
 [5]
 The propriety of a warrantless automobile search is a mixed question of law and fact that we review de novo. United States v. McConney, 728 F.2d 1195, 1202-04 (9th Cir.) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Thus, we are free to conclude independently that probable cause to search the vehicle existed and that the motion to suppress was properly denied
 
 
 [6]
 18 U.S.C. Sec. 545 states, in pertinent part:
 Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law--
 Shall be fined not more than $10,000 or imprisoned not more than five years, or both.