951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry HEFFINGTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Richard ESTEVES, Jr., Defendant-Appellant.
UNITED STATES Of America, Plaintiff-Appellee,
v.
William Glenn WOMBLE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Gene SILVA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Ray KIRK, Defendant-Appellant.
 Nos. 89-10311 to 89-10315.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1991.
Decided Dec. 19, 1991.
 
 1
 Before GOODWIN and NOONAN, Circuit Judges, and HUPP*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Five defendants appeal their convictions for manufacturing, and conspiracy to manufacture, methamphetamine. They assert nine alleged defects in the trial and sentencing. Two have been addressed in a published opinion; we consider the remainder here.
 
 
 4
 * All five defendants were indicted and charged with two counts of violating the federal drug laws. Count One charged conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1). Count Two charged all defendants with manufacturing or aiding and abetting the manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. After a seven-day jury trial, all defendants were convicted on all counts.
 
 II
 A. The Sufficiency of the Evidence Claims
 
 5
 Concerning Count Two, Esteves, Heffington and Kirk contend that because the police did not find all of the chemicals and equipment necessary to the production of methamphetamine there was not sufficient evidence to sustain their convictions. We disagree. The government presented ample evidence upon which a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Litteral, 910 F.2d 547, 550 (9th Cir.1990). Police discovered a large quantity of chemicals and laboratory equipment of a type commonly employed in methamphetamine production, as well as methamphetamine residue on a spatula and inside numerous containers. We also note that the defendants had ample time in which to produce the drug. Because all of the equipment and materials necessary to the final "crystallization" stage of methamphetamine production were found, a reasonable jury at a minimum could have concluded that partial manufacture had taken place, which we have held to constitute a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See Litteral, 910 F.2d at 551.
 
 
 6
 Kirk and Silva further argue that the evidence established only that they were present at the scene of a crime and that there was not sufficient evidence to support the manufacturing and aiding charges. Appellants overlook too many facts. Kirk was seen carrying into the garage plastic jugs of the type later found to contain methamphetamine waste, and he was present at the time witnesses heard pump sounds coming from the garage. Silva was observed at the laboratory acting as a lookout with Womble on the night methamphetamine production allegedly occurred; he was present when the lab equipment was loaded into Heffington's car to be removed; and his fingerprints were found on one of the large funnels found in the laboratory. We conclude that there was sufficient evidence to sustain both Kirk's and Silva's convictions on Count Two.
 
 
 7
 Concerning Count One, Esteves, Heffington, Kirk and Silva argue that there is no evidence that they were knowledgeable members of a conspiracy or that they agreed to participate in a conspiracy. The jury had abundant reason to find otherwise. Heffington drove several times to the laboratory, helped carry plastic jugs of the type later found to contain methamphetamine residue, and was present at the lab throughout the evening when production occurred. In addition, his vehicle was used in an attempt to carry off the laboratory equipment, and he stated to one of the arresting officers that the case presented an "interesting question" of whether those arrested were "making or attempting to make" illegal drugs. Esteves was present for six hours at the scene of the drug laboratory. He was the one who loaded the laboratory equipment into Heffington's car, and he admitted that he knew the purpose of the items. With respect to Silva, the evidence discussed above indicated that he was present at the scene of the methamphetamine laboratory, that he acted as a lookout with Womble, that he was present during the loading of Heffington's car, and that he came into contact with some of the equipment. Circumstantial evidence that defendants acted together with a common goal is sufficient to prove both agreement and knowledge, the essential elements of conspiracy. United States v. Calabrese, 825 F.2d 1342, 1348 (9th Cir.1987); United States v. Disla, 805 F.2d 1340, 1348 (9th Cir.1986). The evidence was sufficient for a reasonable jury to convict all three men on Count One.
 
 B. The Search of Heffington's Automobile
 
 8
 Esteves challenges the trial court's refusal to suppress the evidence obtained from the warrantless search of Heffington's El Camino truck, which Esteves was driving. Esteves argues that the automobile exception does not apply to vehicles parked in private driveways. We note first that a vehicle's location on private property has never been held to foreclose application of the automobile exception. See United States v. Hamilton, 792 F.2d 837, 842-43 (9th Cir.1986) (applying the automobile exception to the search of a mobile home parked in a private driveway). Moreover, the private driveway where the truck was stopped and searched was not Esteves' driveway, and thus he can claim no heightened expectation of privacy in that location. Law enforcement agents had ample information to establish probable cause that the El Camino contained evidence or contraband. Accordingly, the trial court did not err in denying Esteves' motion to suppress.
 
 C. The Severance Claims
 
 9
 Silva and Womble argue that their convictions should be reversed because the trial court erroneously refused to sever their cases from Heffington's under Fed.R.Crim.P. 14. The decision to sever is "left to the sound discretion of the trial judge, to be exercised in the light of the potential prejudice to the defendant on the one hand and the obvious interest of judicial economy on the other." United States v. Kennedy, 564 F.2d 1329, 1334 (9th Cir.1977), cert. denied, 435 U.S. 944 (1978). Appellants' reliance on Bruton v. United States, 391 U.S. 123 (1968), is misplaced because Heffington's brief statement to the police referred only to himself and did not expressly implicate either Silva or Womble. Richardson v. Marsh, 481 U.S. 200, 208 (1987). Because appellants have not shown "specific and compelling prejudice," we find that the trial court did not abuse its discretion in refusing to sever. United States v. Smith, 893 F.2d 1573, 1581 (9th Cir.1990).
 
 
 10
 D. The Ineffective Assistance of Counsel Claim
 
 
 11
 Kirk argues that he was denied effective assistance of counsel based on his trial counsel's purported failure to investigate the facts of the case, failure to move for severance, and failure to seek mitigation based on Kirk's purported minor participant status. We find no merit in these claims because Kirk has failed to demonstrate prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring that the defendant establish both incompetence and prejudice).
 
 E. The Grand Jury Misconduct Claim
 
 12
 Kirk contends that the district court erred in refusing to dismiss his indictment. He argues that DEA Agent Juanita Perez testified falsely before the grand jury and that in the absence of this misconduct there would not have been probable cause to indict. Because Kirk failed to join the objection made by Heffington's attorney at trial, we review this contention for plain error. United States v. Paris, 827 F.2d 395, 398 (9th Cir.1987). The inconsistencies between Perez' trial and grand jury testimony which Kirk urges upon this court could not have "substantially influenced the grand jury's decision to indict" or produced "grave doubt that the decision to indict was free from substantial influence of such violations." United States v. Spillone, 879 F.2d 514, 521 (9th Cir.1989), cert. denied, 111 S.Ct. 210 (1990). Because Kirk has failed to demonstrate that he was prejudiced, we find no plain error.
 
 F. The Sentence Enhancements
 
 13
 Based on the district court's finding after an evidentiary hearing that the laboratory operation was capable of producing at least one pound of methamphetamine, appellants' sentences were enhanced under the Sentencing Guidelines from a base offense level of 6 to level 26. See U.S.S.G. § 2D1.1(a)(3), (c)(9) (1987).
 
 
 14
 Kirk argues that the enhanced sentence he received violates due process because the indictment in which he was charged did not allege the amount of methamphetamine required to enhance his sentence. The question of quantity is "wholly separate-from the definition of the unlawful acts" at issue here. United States v. Normandeau, 800 F.2d 953, 956 (9th Cir.1986). Thus, the quantity of methamphetamine is not a critical element of the offenses with which Kirk was charged, and the government's failure to include it in the indictment does not render the sentence enhancement violative of due process.
 
 
 15
 Esteves challenges the district court's finding that the defendants' laboratory was capable of producing at least a pound of methamphetamine. Although the amount of methamphetamine seized was less than one pound, the district court did not err in approximating the quantity based on the uncontradicted testimony of the government's chemist at the subsequent evidentiary hearing. See U.S.S.G. § 2D1.4 Application Note 2. Esteves' sentence is therefore affirmed.
 
 G. The Sentencing Guidelines Issues
 1. Application of the Guidelines to Silva
 
 16
 Silva challenges the district court's refusal to reduce his sentence for being a minor participant and for acceptance of responsibility. He also argues that his offense level should have been 10 based on the amount of methamphetamine found at the scene. The district court's determination that Silva was not a minor participant was not clearly erroneous. United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989). As discussed above, there was sufficient evidence to conclude that Silva was present at the methamphetamine lab during crystallization of the methamphetamine, that he acted as a lookout, that he was present during the loading of Heffington's truck, and that he handled some of the laboratory equipment. Similarly, the district court's finding that Silva did not evince a complete acceptance of responsibility for the offense of conviction, see U.S.S.G. § 3E1.1(a), was not clearly erroneous. As discussed above, the court's determination regarding the productive capacity of the laboratory was not clearly erroneous.
 
 2. Constitutionality of the Guidelines
 
 17
 Finally, Silva argues that the Sentencing Guidelines violate due process because they allow sentencing decisions to be based on facts not proved beyond a reasonable doubt. We have held that sentences imposed pursuant to the guidelines do not violate due process so long as the sentencing court relies on factual determinations that are based on a preponderance of the evidence. United States v. Restrepo, No. 88-3207, slip op. 13869, 13878 (9th Cir. Oct. 4, 1991) (en banc). The only factual determination upon which the district court relied at sentencing that was not made by the jury was the court's finding regarding the productive capacity of the laboratory. Because this finding was supported "by a preponderance of the evidence that the fact in question exist[ed]," id. at 13884, we find no constitutional error in Silva's sentence.
 
 III
 
 18
 The remaining issues briefed and argued are disposed of in the published opinion. They also reveal no ground for reversal.
 
 
 19
 AFFIRMED.
 
 
 
 *
 Honorable Harry L. Hupp, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3