990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Terrell JOHNSON, Defendant-Appellant.
 No. 90-50676.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Terrell Johnson appeals his conviction following entry of a conditional guilty plea to possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) and to possession of a firearm not identified by serial number in violation of 26 U.S.C. § 5861(i). Johnson contends that the district court erred by denying his motion to suppress evidence of the two guns which were seized from the trunk of a vehicle in which he was the driver. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 At approximately 12:45 a.m., Los Angeles County Sheriff's Deputy Jason Mann was driving alone in his patrol car in a high crime area with significant gang activity and with as many as ten to fifteen robberies reported each day. Deputy Mann observed a vehicle stopped in front of an open liquor store and drove slowly past the vehicle. Upon making eye contact with Deputy Mann, the vehicle's occupants, Johnson and his brother, immediately slumped down in their car seats. To investigate further, Deputy Mann executed a u-turn, came around to stop behind the vehicle, and approached on foot toward the driver's side of the vehicle. While approaching, he noticed that the vehicle's motor was running and the trunk was ajar. He also observed Johnson's brother roll a ski mask up over face and tuck it into a beanie. When he was four to six feet from the vehicle, Deputy Mann drew his gun and ordered Johnson and his brother to show their hands. Both complied, and Johnson's brother said, "Man, don't shoot us." Deputy Mann approached until he was two feet from the driver's door and asked if they had any guns in the car. Johnson and his brother did not respond. Deputy Mann asked a second time and Johnson's brother answered, "Don't shoot. There's no guns in here. They're in the trunk." A rifle and sawed-off shotgun were found in the trunk.
 
 
 4
 We review de novo the denial of a motion to suppress. United States v. Prieto-Villa, 910 F.2d 601, 604 (9th Cir.1990). We review for clear error the underlying facts found by the district court in the motion to suppress hearing. Id.
 
 
 5
 * Investigatory Stop
 
 
 6
 Johnson contends that the seized guns were the fruit of an illegal arrest. He suggests that he was arrested when Deputy Mann pointed the gun at him and probable cause was lacking to justify the arrest. This argument lacks merit.
 
 
 7
 The use of force during an investigatory stop does not convert the stop into an arrest if the force was justified by concern for the safety of the officer or others. United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.) (officer aiming gun at defendant who fit physical description of robber), cert. denied, 112 S.Ct. 164 (1991); United States v. Buffington, 815 F.2d 1292, 1300 (9th Cir.1987) (officer forcing defendant from car and making him lie down on wet pavement at gunpoint). Officers conducting investigatory stops "may proceed on reasonable suspicion that investigation is called for and may take reasonable measures to neutralize the risk of physical harm and to determine whether the person in question is armed." Buffington, 815 F.2d at 1300 (citing Terry v. Ohio, 392 U.S. 1, 24 (1968)). In order to justify an investigatory stop, some objective manifestation must exist to indicate that the person stopped is, or is about to be, engaged in criminal activity. United States v. Alvarez, 899 F.2d 833, 836 (9th Cir.1990), cert. denied, 111 S.Ct. 671 (1991).
 
 
 8
 Here, the suspicious conduct of Johnson and his brother in slumping down in their seats after making eye contact with Deputy Mann, the high crime area, the time of night, and the vehicle's presence in front of an open liquor store, are circumstances suggesting that criminal activity was afoot. See Alvarez, 899 F.2d at 836. The officer therefore had sufficient and articulable reasons to detain Johnson. Id. Further, Deputy Mann's drawing of his gun and ordering Johnson to raise his hands during the stop was reasonable to protect himself from physical harm. See Harrington, 923 F.2d at 1373; Buffington, 815 F.2d at 1300. Having observed Johnson's brother's use of a ski mask, the vehicle's motor running, and the trunk being ajar, Deputy Mann reasonably believed that his personal safety might be at risk. See Harrington, 923 F.2d at 1373; Buffington, 815 F.2d at 1300. Because the officer's use of force during the detention was justified under the circumstances, the district court did not err by determining that the manner of the stop did not convert it to an arrest without probable cause. See Harrington, 923 F.2d at 1373; Buffington, 815 F.2d at 1300. Accordingly, the seized evidence was the fruit of a proper investigatory stop.
 
 II
 Miranda
 
 9
 Johnson also contends that the evidence should have been suppressed because the officer improperly questioned him and his brother about the existence of guns in the vehicle prior to advising them of their constitutional rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). This argument lacks merit.
 
 
 10
 The Miranda rights advisement requirement need not "be applied in all its rigor to a situation in which police officers ask questions reasonably prompted by a concern for the public safety." New York v. Quarles, 467 U.S. 649, 656 (1984); see also United States v. Brady, 819 F.2d 884, 888 (9th Cir.1987), cert. denied, 484 U.S. 1068 (1988). The public safety exception to Miranda also applies to the safety of police officers. United States v. DeSantis, 870 F.2d 536, 539 (9th Cir.1989) (no violation of Miranda where officer questioned defendant about possibility of weapons in adjoining bedroom).
 
 
 11
 Here, Deputy Mann's questioning about the presence of guns in the vehicle was reasonably prompted by the need to protect himself and the public from immediate danger. As noted earlier, the incident took place in a high crime area at a late hour in a public area, Johnson and his brother had been acting suspiciously, and his brother was seen removing a ski mask from his face. Swift action was necessary in response to what appeared to be a robbery in its earliest stages of execution, and the officer's question was "immediate, spontaneous, and urgent." See Brady, 819 F.2d at 888. Accordingly, we reject Johnson's claim that the officer's question was designed to elicit testimonial evidence and hold that the district court properly denied Johnson's motion to suppress his brother's non-Mirandized admission that there were guns in the trunk of the car. See Quarles, 467 U.S. at 656; DeSantis, 870 F.2d at 539; id.
 
 
 12
 Finally, Johnson contends that probable cause did not exist for the officer to search the trunk of the vehicle. Under the "automobile exception" to the warrant requirement, an officer may conduct a warrantless search of every part of a legitimately stopped vehicle, including the trunk and all containers, if there is probable cause to believe it contains contraband. United States v. Ross, 456 U.S. 798, 820-21 (1982); see also United States v. Normandeau, 800 F.2d 953, 957 (9th Cir.1986) (noting significant societal interest in permitting warrantless automobile searches due to automobiles' inherent mobility). Here, Johnson's brother's statement that guns were in the trunk provided the officer with probable cause to search the trunk. See Ross, 456 U.S. at 820-21; Normandeau, 800 F.2d at 957. Accordingly, the district court committed no error by denying Johnson's motion to suppress on the basis of an alleged illegal search.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3