999 F.2d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vanness WHITLEY, Defendant-Appellant.
 No. 92-50666.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 14, 1993.
 
 MEMORANDUM**
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 Vanness Whitley appeals his conviction, following a jury trial, for possession with intent to distribute cocaine and methamphetamine in violation of 21 U.S.C. § 841(a)(1), and carrying and using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Whitley contends that the district court erred by denying his motion to suppress the evidence because police officers lacked reasonable suspicion to make an investigatory stop of Whitley and lacked probable cause for the subsequent arrest and search of Whitley. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 * Background
 
 
 3
 On May 21, 1992, Inglewood police officers Kerry Tripp and David Thomas were on routine patrol in a marked police vehicle when they received a call from the police dispatcher reporting a disturbance of the peace involving gang members near a local park. As the officers approached the park, they observed Whitley and three other individuals standing next to and two individuals inside a Chevrolet Corsica parked alongside the curb. Officer Tripp noted that there was nobody else in the general area, that the individuals fit the general description in the dispatcher's report, and recognized one of the individuals as a gang member.
 
 
 4
 As the officers pulled their car behind the Corsica, Officer Tripp observed Whitley holding a purple pouch with a clear plastic bag protruding from it. The plastic bag appeared to contain a white substance. Officer Tripp also observed that, after Whitley saw the police car pull up behind the Corsica, Whitley walked to the front passenger side of the Corsica and placed the pouch inside the Corsica through an open window. The officers parked their car behind the Corsica and walked towards the individuals standing next to the Corsica. Officer Tripp looked inside the Corsica and saw the purple pouch containing a white powdery substance which, in his experience, appeared to be cocaine. Officer Tripp then ordered Whitley and the three individuals standing outside of the Corsica, along with the two individuals inside the Corsica, to walk toward the police car and kneel on the ground with their hands behind their heads. Officer Tripp opened the Corsica passenger door, recovered the pouch, and told Officer Thomas to handcuff Whitley. While recovering the pouch, Officer Tripp observed a second pouch under the passenger seat also containing what appeared to be cocaine. Officer Thomas then searched Whitley and found some money and car keys. The car keys were used to open the Corsica's glove compartment which was found to contain a gun and ammunition. Officer Tripp also testified that Whitley repeatedly stated that the cocaine belonged to him and not to any of the other individuals.
 
 
 5
 Whitley filed a motion to suppress the evidence which the district court denied following a hearing. Whitley was tried and convicted. He timely appeals.
 
 II
 Standards of Review
 
 6
 We review de novo the district court's denial of a motion to suppress. United States v. Homick, 964 F.2d 899, 903 (9th Cir.1992). The district court's decision regarding the presence or absence of probable cause is reviewed de novo. United States v. Prieto-Villa, 910 F.2d 601, 604 (9th Cir.1990). Factual findings underlying the district court's decision are reviewed for clear error. United States v. Negrete-Gonzalez, 966 F.2d 1277, 1282 (9th Cir.1992).
 
 III
 
 7
 The Initial Encounter Between the Officers and Whitley
 
 
 8
 Whitley argues that the officers lacked a reasonable suspicion to justify their alleged investigatory stop of him. This argument lacks merit.
 
 
 9
 Not every encounter between a police officer and a citizen constitutes a seizure implicating Fourth Amendment protections and requiring "objective justification." United States v. Mendenhall, 446 U.S. 544, 552-53 (1980).
 
 
 10
 [A] person is "seized" only when, by means of physical force or show of authority, his freedom of movement is retrained. Only when such restraint is imposed is there any foundation whatever for invoking constitutional safeguards.... As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification.
 
 
 11
 Id. at 553-54.
 
 
 12
 Here, the officers pulled their car behind the car that Whitley and the other individuals were standing next to, and walked over to Whitley. There is no indication in the record, nor does Whitley allege, that the officers stopped or questioned him, made a display of force or authority, or even that Whitley somehow believed that he was not free to leave. Thus, because the initial encounter between Whitley and the officers did not constitute a "seizure," the officers were not required to have reasonable suspicion of criminal activity to justify their actions. See id.; United States v. Erwin, 803 F.2d 1505, 1508 (9th Cir.1986) (no Fourth Amendment violation where defendant is stopped in public place, police officers displayed no force, and defendant agreed to talk with officers).
 
 IV
 The Warrantless Arrest and Search
 
 13
 Whitley contends that the officers lacked probable cause to arrest him. This contention lacks merit.
 
 
 14
 A warrantless arrest must be supported by probable cause, which exists if the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to believe that a suspect has committed, is committing, or is about to commit a crime. United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990). "The experience and expertise of the officers involved in the investigation and arrest may be considered in determining probable cause." Id.
 
 
 15
 Here, Officer Tripp observed Whitley place a pouch containing what appeared to Tripp to be cocaine into the Corsica parked at the curb. Officer Tripp then walked up to the Corsica, observed the pouch through an open window and confirmed that it contained a white powdery substance which, in his experience in identifying narcotics, appeared to be cocaine. Whitley argues that probable cause cannot be based upon Officer Tripp's observation of the pouch through the car window because the observation constituted a warrantless search not falling within any exception to the warrant requirement. We have held, however, that "a police officer who is in a place where he has a right to be, is not conducting a search when he looks through car windows." United States v. Head, 783 F.2d 1422, 1426-27 (9th Cir.), cert. denied, 476 U.S. 1171 (1986). Officer Tripp clearly had a right to be next to the Corsica parked on a public street when he observed the pouch. In view of Officer Tripp's observations leading up to Whitley's arrest, and his experience in identifying narcotics, we hold that probable cause existed to arrest Whitley. See Hoyos, 892 F.2d at 1392-93.
 
 
 16
 Whitley also contends that the search of his person was invalid. Because Whitley's arrest was valid, however, the warrantless search of Whitley's person also was valid because the search was incident to the arrest. See New York v. Belton, 453 U.S. 454, 461 (1981).
 
 
 17
 Finally, Whitley contends that the warrantless search of his car was invalid. This contention also lacks merit.
 
 
 18
 Under the "automobile exception" to the warrant requirement, an officer may conduct a warrantless search of every part of a legitimately stopped vehicle, including the trunk and all containers, if there is probable cause to believe that the vehicle contains contraband. United States v. Ross, 456 U.S. 798, 820-21 (1982); see also United States v. Normandeau, 800 F.2d 953, 957 (9th Cir.1986).
 
 
 19
 Here, Officer Tripp's observation of the pouch appearing to contain cocaine in Whitley's possession, and later in the Corsica, provided him with probable cause to search the Corsica and its glove compartment. See Ross, 456 U.S. at 820-21. Accordingly, the district court did not err by denying Whitley's motion to suppress.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3