12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry B. YOUNG, Defendant-Appellant.
 No. 93-35074.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 27, 1993.*
Decided Dec. 1, 1993.
 
 Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Bernard Young, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Henry Young was charged by a superseding indictment with possession of cocaine and cocaine base with intent to distribute, 21 U.S.C. Sec. 841, distribution of cocaine and cocaine base, 21 U.S.C. Sec. 841, and conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. Sec. 846.[1] A jury found Young guilty on all counts charged, and the judge sentenced him to 120 months in custody and a supervised release term of 60 months. This court affirmed Young's conviction on direct appeal. United States v. Young, No. 90-30209, unpublished memorandum disposition (9th Cir. Oct. 16, 1991).
 
 
 4
 Young subsequently filed a 28 U.S.C. Sec. 2255 motion to vacate his conviction and sentence, contending that the superseding indictment was unconstitutional. The basis of Young's claim is that the original superseding indictment is missing from the court record. What appears in its place is a copy obtained from the United States Marshal's Service. The district court denied Young's motion. Young timely appeals.
 
 II.
 STANDARD OF REVIEW
 
 5
 We review the sufficiency of an indictment de novo. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991). When a defendant does not challenge the indictment before the verdict, we will construe the indictment liberally in favor of validity. United States v. Pheaster, 544 F.2d 353, 361 (9th Cir.1976), cert. denied, 429 U.S. 1099 (1977).
 
 III.
 DISCUSSION
 
 6
 Young contends that the superseding indictment was constitutionally invalid because (1) it was not signed by the grand jury foreperson, (2) the grand jury did not vote on the charges in the indictment, and (3) the court record does not contain the original superseding indictment. These contentions lack merit.
 
 A.
 
 7
 The requirement that the grand jury foreperson sign the indictment is a formality, and the absence of the signature "is a mere technical irregularity that is not necessarily fatal to the indictment." Hobby v. United States, 468 U.S. 339, 345 (1984) (citing Frisbie v. United States, 157 U.S. 160, 163-65 (1895)). To be valid, an indictment must inform a defendant of the charges against him with sufficient clarity that he can adequately defend or plead his case. United States v. James, 980 F.2d 1314, 1316 (9th Cir.1992), cert. denied, 1993 U.S. LEXIS 5292 (U.S. Oct. 4, 1993). Absent prejudice to the accused, a conviction will not be reversed "merely because a 'minor or technical deficiency in the indictment is later discovered.' " Id. (quoting United States v. Normandeau, 800 F.2d 953, 958 (9th Cir.1986)).
 
 
 8
 Here, Young has shown no prejudice resulting from the omission of the foreperson's signature on the indictment. The indictment against Young clearly indicated the crimes charged, the governing statutes, and the quantity of controlled substances involved, thus providing Young with sufficient notice of the charges against him. See United States v. Zavala, 839 F.2d 523, 526 (9th Cir.) (per curiam), cert. denied, 488 U.S. 831 (1988) (indictment was valid even though [one count] did not specify the quantity of controlled substances); Normandeau, 800 F.2d at 958 (indictment was valid even though it did not specify what law had been violated). Thus, the absence of the foreperson's signature did not render the indictment against Young constitutionally invalid.
 
 B.
 
 9
 Likewise, we reject Young's contention that the grand jury did not return the indictment against him in open court as required by Fed.R.Crim.P. 6(f). Young requests the grand jury voting record to establish a government conspiracy to convict him without being indicted by the grand jury. A court should not order disclosure of grand jury materials except upon a showing of particularized need. Dennis v. United States, 384 U.S. 855, 870 (1966). Young has made no such showing. Here, the record and the docket sheets clearly indicate that the indictment was returned to the magistrate judge on January 18, 1990. The record also shows that the judge entered a detention order on the basis of the indictment and that Young pleaded not guilty to the indictment on January 25, 1990. Because Young's unsupported allegations of conspiracy do not evidence a "particularized need," we deny his request for the grand jury voting record.
 
 C.
 
 10
 Although it is unfortunate that the original superseding indictment is missing from the record, we find no basis for vacating Young's conviction. In the absence of other evidence, the court record must be presumed to be correct. See United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991). Young has offered no proof that the copy of the superceding indictment in the record is incorrect or different from the original superseding indictment in any way other than the lack of the grand jury foreperson's signature. Accordingly, he has not overcome the presumption that the copy of the superseding indictment contained in the record is correct.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cocaine is a narcotic substance controlled under Schedule II, 21 U.S.C. Sec. 812