**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Morgan SHELBY, Defendant—
Appellant.**

**No. 99–10358.**

**D.C. No. CR–97–00164–1–PMP.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2001.

Submission Vacated June 11, 2001.

Resubmitted Feb. 14, 2002.

Submission Vacated April 16, 2002.

Resubmitted June 27, 2002.

Decided July 1, 2002.

Before PREGERSON, FERGUSON
and HAWKINS, Circuit Judges.

MEMORANDUM [*]

Shelby's argument that 21 U.S.C. § 841(b) is facially unconstitutional was recently rejected by this court. *United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002)(en banc). Moreover, the application of this statute to him was not unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Although the jury was not instructed to determine the quantity of drugs Shelby distributed, it was required to find that he had distributed a detectable amount of cocaine base, which carries a penalty of zero to twenty years. 21 U.S.C. §§ 802(6), 812(c) and 841(b). Because Shelby was sentenced to less than twenty years, the failure to submit the quantity to the jury did not affect his sentence or his "substantial rights." *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

This court has previously held that the government need only prove that the defendant knows he is dealing in some form of controlled substance, and not mens rea with respect to the specific type and quantity of drug. *United States v. Jewell*, 532 F.2d 697, 698 (9th Cir.1976) (government not required to prove defendant's knowledge of type of drug); *United States v. Normandeau*, 800 F.2d 953, 956 (9th Cir. 1986) (government not required to prove defendant's knowledge of quantity of drugs). *"Apprendi* did not change the long established rule that the government need not prove that the defendant knew the *type* and *amount* of a controlled substance...." *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002) (emphasis in original). Accordingly, the district court's instructions to the jury on this issue were appropriate.

Finally, it was not constitutional error for the district court to have played back a videotape of the drug transaction for the jury in Shelby's absence. Shelby executed a written waiver prior to trial, waiving his right to be present except for arraignment, plea, impanelment of the jury and sentencing. Furthermore, even if the written waiver was insufficient, any error did not affect Shelby's "substantial rights." *Olano*, 507 U.S. at 732–34. Shelby was present when the court originally admitted the tape into evidence, the replay was performed fairly, the jury was not exposed to extraneous matters and counsel was on the

---

phone during the replay. Moreover, there was significant direct testimony against Shelby which the jury must have accepted in order to convict on count one (even without a videotape), and the same officer offered corroborating testimony with respect to count three as well. It is thus unlikely that Shelby's presence would have affected the outcome of the verdict on count three. *United States v. Felix–Rodriguez,* 22 F.3d 964, 967–68 (9th Cir.1994); *United States v. Kupau,* 781 F.2d 740, 743 (9th Cir.1986).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts