## KURCZAK v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 10, 1926.)

No. 4594.

**1. Indictment and information ⬅125(4).**

Count in indictment for importing whisky without permit, without paying duty and in violation of national prohibition act, *held* not duplicitous, under Tariff Act 1922, § 593(b), being Comp. St. Ann. § 5841h13.

**2. Customs duties ⬅134.**

Evidence that whisky had been brought across international line *held* sufficient for jury, in prosecution for unlawful importation, even without aid of inference raised by concluding sentence of Tariff Act 1922, § 593(b), being Comp. St. Ann. Supp. 1923, § 5841h13.

**3. Customs duties ⬅125.**

Whisky brought across Canadian border in automobile *held* "merchandise" within meaning of Tariff Act 1922, § 593(b), being Comp. St. Ann. § 5841h13, penalizing importation of merchandise contrary to law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

**4. Customs duties ⬅125.**

One bringing whisky into country, which was found in his automobile by customs officer, as soon as he landed from international ferry, was not guilty of concealing and transporting whisky unlawfully imported.

**5. Jury ⬅131(10).**

Selection of jury by trial judge, who interrogated jury himself and declined to permit counsel to conduct general examination, although offering to put any proper question which counsel desired, *held* not erroneous.

**6. Jury ⬅131(15).**

Refusal of judge, when questioning jury, to inquire how they would vote if testimony should be equally balanced, *held* proper.

In Error to the District Court of the United States, for the Eastern District of Michigan; Charles C. Simons, Judge.

Eugene Kurczak was convicted of importing whisky without a permit and without paying duty, and of concealing and transporting whisky unlawfully imported, and he brings error. Conviction reversed as to second count, and sentence affirmed.

Henry A. Behrendt, of Detroit, Mich. (Behrendt & Behrendt, of Detroit, Mich, on the brief), for plaintiff in error.

John A. Baxter, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. Kurczak, residing in Detroit, took his automobile across the Detroit river on the Detroit-Windsor ferry. Upon landing at Detroit on the return trip, a customs officer found in the car 48 bottles of whisky, and Kurczak was indicted on two counts—the first for importing whisky without a permit, without paying duty and in violation of the National Prohibition Act; the second for concealing and transporting whisky which had been thus unlawfully imported. He was convicted on both counts; his sentence was within the limit proper on count 1; the questions presented as to the second count become immaterial for the reason to be stated.

[1] This review presents three claimed errors. The first is that each count is duplicitous. We think the first count is not. It charges a single act—importation—and that this act was unlawful for three reasons. The statute (section 593 [b] of the Tariff Act of 1922; section 5841h13, Comp. St. Ann. Supp. 1923) is a re-enactment almost verbatim of R. S. § 3082 (section 5785, Comp. St.). It penalizes importation "contrary to law." There is only one offense, no matter how many reasons there may be why the importation was "contrary to law." See Bookbinder v. U. S. (C. C. A. 3) 287 F. 790–795.

[2-4] A lack of evidence justifying submission is next urged. The evidence under the first count was ample, even without the aid of the inference raised by the concluding sentence of section 593(b). The whisky had just been brought across the international line. It is of no importance where it had been manufactured. We agree with the Circuit Court of Appeals of the Third Circuit (287 F. 795) that under the conditions here existing, whisky is "merchandise" within the meaning of this section. However, there should have been no conviction under the second count. The importation was complete

by bringing in the car and submitting it, practically at the line, to the customs officers for inspection. After that Kurczak never had possession, and could not have been guilty of concealing or transporting the property which he had imported.

[5] The final contention is that there was error in the matter of selecting a jury. The trial judge interrogated the jurors himself as to their qualifications, and declined to grant the request that counsel be permitted to conduct a general examination, but offered to put to the jurors, or any juror, any proper question which counsel desired. This practice is in use in several states; it was recently recommended to the federal trial judges by the conference composed of the Chief Justice and the senior Circuit Judges; it has been formally adopted in the court below by a published rule; and we approve it as a proper and often very desirable practice. It is to be assumed that a fair discretion will be exercised in permitting a reasonable amount of personal examination of a particular juror by counsel, when there is reason to believe that he needs such privilege in order to exercise peremptory challenges intelligently, and there is no occasion to deny that there might be such an abuse of that discretion as would constitute prejudicial error. Such a case can be considered, if it arises. In the present case there is nothing to show any such situation. Ungerleider v. U. S. (C. C. A. 4) 5 F.(2d) 604.

[6] Counsel asked the judge to inquire of the jury how they would vote if the testimony should turn out to be equally balanced, and the judge declined to put any such question. Clearly he was right. It is trifling with the time and procedure of the court to assume that jurors will not obey the court's instructions properly to be given. This contention is ruled by our decision in Christianson v. U. S. (C. C. A.) 290 F. 962.

The conviction upon the second count is reversed. The sentence is affirmed. Mandate forthwith.