**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Johnny WHITE, Defendant–Appellant.**

No. 02–6279.

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 2004.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, Lexington, KY, Frederick A. Stine, V, Asst. U.S. Attorney, Covington, KY, for Plaintiff–Appellee.

Thomas M. Goggans, Law Office of Thomas M. Goggans, Montgomery, AL, for Defendant–Appellant.

Before BOGGS, Chief Judge; GIBBONS, Circuit Judge; and GWIN, District Judge.[*]

## OPINION

GWIN, District Judge.

Defendant Johnny White appeals his conviction for importing forty-five high-capacity firearm magazines into the United States in violation of 18 U.S.C. § 545 and § 542. With his appeal, White challenges (1) whether the district court erred in excluding, as hearsay, evidence offered by a defense witness; (2) whether the district court erred in finding the evidence sufficient to sustain a conviction under 18 U.S.C. § 545; and (3) whether the indictment sufficiently informed White of the nature of the charge against him.

For the reasons that follow, we **AFFIRM** White's conviction.

## I. BACKGROUND

On September 15, 1999. Defendant White and traveling companion. Tony Friese, arrived at the Cincinnati–Northern Kentucky Airport after two weeks of travel throughout Europe. Upon disembarking from the plane, White and Friese passed through the airport's immigration

---

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

booth. At the immigration booth, White and Friese provided declaration forms to United States Customs Officer, Mary Fennell. White's form declared that he had acquired abroad beer, wine, and chocolate—totaling $102.00.

Officer Fennell escorted White to a secondary inspection area. Here, a senior United States Customs Inspector, David Smith, questioned White about his declaration and asked if White had further items to declare. White denied having acquired other items abroad. Inspector Smith searched White's bags and found forty-five high-capacity firearm magazines and a rifle stock. When asked why he had failed to declare these items, White stated that he had traded for the items and did not believe that he needed to declare them. At trial, Inspector Smith estimated the value of the firearm magazines to be in excess of $2,000.00.

Customs Agent Bill Baker then interviewed White. When questioned about the firearm magazines by Agent Baker, White repeatedly stated that he had traded for them and therefore believed that he was not required to declare them. While this interview was taking place, another Customs Agent, Ted Cuckler, uncovered an invoice from a gun shop in Berne, Switzerland that documented the sale of the firearm magazines. When confronted with this receipt, White admitted that he had

purchased the firearm magazines in Europe.

A federal grand jury subsequently returned a two-count indictment against Defendant White, alleging one count of importing forty-five firearm magazines in violation of 18 U.S.C. § 545[1] and one count of importing forty-five firearm magazines by means of a false and fraudulent declaration in violation of 18 U.S.C. § 542. The United States prosecuted White in the Eastern District of Kentucky. After White waived his right to a jury trial, the district court found White guilty on both counts of the indictment and sentenced him to twelve months and one day on each count, with the terms to run concurrently. White timely appealed from this conviction.

## II. DISCUSSION

### A. Exclusion of Friese's Testimony as Hearsay

Defendant White complains that the district court improperly excluded, as hearsay, testimony by witness Friese, Defendant White's traveling companion. This court reviews all evidentiary rulings, including rulings on hearsay, for abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997); *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716–17 (6th Cir.1999).[2]

1. 18 U.S.C. § 545 says, in part:
   Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law-
   Shall be fined under this title or imprisoned not more than five years, or both.

2. The standard under which this Circuit reviews hearsay rulings has been unclear since

the Supreme Court's decision in *General Electric v. Joiner*. Compare *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir.2000) *with Trepel*, 194 F.3d at 716–17 (6th Cir.1999). Before the *General Electric* decision, we reviewed hearsay decisions *de novo*. As the *Trepel* court suggested, such a standard of review makes sense as hearsay decisions are made solely by application of the hearsay rules. *Trepel*, 194 F.3d at 716–17. Unlike other rules of evidence, the hearsay rules are not written to allow judicial discretion in their application. Although we adhere to the abuse of discretion standard, we note that in the

During the trial, White attempted to have Friese testify that White had, at one point during the customs inspection, stated that "I [Defendant White] have some more items to declare." The Government objected to this testimony as "classic hearsay." White countered that he offered the testimony not for the truth of the statement but simply to show that he made such a statement. White contended that the utterance of the statement had independent relevance, regardless of its truth. The district court rejected this argument and found the statement was hearsay to which no exception applied.

On appeal, White again argued that Friese's statement cannot be classified as hearsay. The Government continues to argue that the statement is hearsay and that White simply wished to get the testimony before the district court without having to testify himself.[3]

The Federal Rules of Evidence define hearsay as "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). A statement offered to show that the statement was made, rather than to establish the truth of the statement, is not hearsay. *See, e.g., United States v. Gallagher,* 57 Fed.Appx. 622, 627 (6th Cir. Jan. 24, 2003) (citing *United States v. Marin,* 669 F.2d 73, 84 (2d Cir. 1982)).[4] When deciding whether a state-

ment is hearsay, relevance controls. If the statement has relevance regardless of the truth of the statement, the statement is not hearsay. However, if the statement enjoys relevance only if true, the statement is hearsay.

White sought to introduce testimony that he told the customs officials he had "some more items to declare." White clearly did not seek to introduce Freise's statement to show that White in fact had more items to declare. Rather, White sought to introduce the testimony to show that he had made the statement. The statement was in response to the Government's testimony that White had made a false declaration. Regardless of the truth of White's statement, the fact that White made the statement tended to discredit the Government's claim that White had failed to declare additional items. Thus, the statement was relevant under Fed.R.Evid. 401 without regard to whether it was true. Because a district court has no discretion to exclude relevant evidence as hearsay when it is not hearsay, we find the district court abused its discretion in excluding Freise's testimony.

█ However, this determination does not resolve the ultimate issue. Even if a district court abuses its discretion in making an evidentiary ruling, we will not grant a new trial unless the error affects substantial rights of the defendant. *See Unit-*

---

hearsay context this standard will appear similar to a *de novo* standard of review since the Federal Rules of Evidence do not allow for judicial discretion in determining what constitutes hearsay.

**3.** This court observes that if the statement were hearsay it could not be admitted even if White testified to it. Hearsay includes all out-of-court statements, even those previously made by the testifying witness, if offered for the truth of the matter asserted. Therefore, the Government's argument has no merit.

**4.** When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible. When the defendant offers his own statement simply to show that it was made, rather than to establish the truth of the matter asserted, the fact that the statement was made must be relevant to the issues in the lawsuit.

*United States v. Gallagher,* 57 Fed.Appx. 622, 627 (6th Cir.2003)

ed States v. Bonds, 12 F.3d 540, 554 (6th Cir.1993). The Government bears the burden of showing that the error did not substantially affect the rights of the defendant. See Fed.R.Crim.P. 52(a). Error affects a defendant's substantial rights when it prejudices the defendant and materially affects the outcome of trial. United States v. Thomas, 321 F.3d 627, 635 (7th Cir. 2003). An error that does not implicate constitutional rights is harmless "unless it is more probable than not that the error materially affected the verdict." United States v. Fountain, 2 F.3d 656, 668 (6th Cir.1993); United States v. Martin, 897 F.2d 1368, 1372 (6th Cir.1990) ("Where an error is not of constitutional dimension, it is harmless unless it is more probable than not that the error materially affected the verdict."). In deciding whether error prejudiced the defendant, we examine the evidence offered at trial. See United States v. Murphy, 241 F.3d 447, 453 (6th Cir. 2001) ("An error is harmless unless one can say, with fair assurance that the error materially affected the defendant's substantial rights—that the judgment was substantially swayed by the error.") (citing Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

Here, the Government satisfactorily shows that the error by the district court was harmless, as it did not materially affect the outcome of the trial. See Fed. R.Crim.P. 52(a); see also Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). At most, the error in improperly excluding Friese's testimony had only slight effect on the trial. During the trial, the Government presented witnesses who testified that White failed to declare the forty-five magazines despite United States Customs employees repeatedly asking if he had more items to declare. The admittance of Friese's statement would not have overcome this cumulative evidence against White. Specifical-

ly, Friese's testimony would not have countered the evidence showing that White failed to declare the firearm magazines when directly and repeatedly asked if he had more items to declare. As we explain at greater length in the following section, an offense under § 545 is complete when a defendant fails to declare goods when called upon to do so by customs officers, even if the goods are then discovered prior to leaving the customs area. Thus, we find that the district court committed only harmless error in excluding Friese's testimony as hearsay.

### B. Sufficiency of the Evidence

■ Defendant White additionally contends that he cannot be convicted under 18 U.S.C. § 545 because he declared the firearm magazines before leaving the customs area of the Cincinnati–Northern Kentucky Airport. In reviewing the sufficiency of the evidence, a court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original).

Defendant White relies upon several cases for the argument that an offense under 18 U.S.C. § 545 cannot occur until after the goods have passed the customs line. See Keck v. United States, 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505 (1899); Kurczak v. United States, 14 F.2d 109 (6th Cir.1926); United States v. Nicholas, 97 F.2d 510 (2d Cir.1938). White argues that because he acknowledged purchasing the firearm magazines before crossing the customs line, the Government lacked sufficient evidence for a conviction under 18 U.S.C. § 545.

We find that these cases either do not assist Defendant White or are easily distinguished on their facts. In *Kurczak*, a prohibition-era case, a defendant was convicted of one charge of importing whisky and one charge of concealing and transporting whisky from Canada into the United States. 14 F.2d 109. The *Kurczak* court upheld the defendant's conviction for importation since "importation was complete by bringing in the car and submitting it, practically at the line, to the customs officers for inspections." *Id.* at 109–10. Thus, this case offers no support for Defendant White as it holds that illegal importation may occur before the customs line is crossed.

*Nicholas* and *Keck* provide better support for White's argument but are factually distinct. In *Nicholas,* two defendants were charged with importing publications concerning contraceptives, 97 F.2d at 511. The court found that bringing the publications to the customs office was not importation because the defendants had made no effort to surreptitiously avoid declaring the goods. *Id.* at 512. Unlike the defendants in *Nicholas,* Defendant White repeatedly denied having additional goods to declare despite Customs officials asking if he had more items to declare.

Although *Keck* provides the most support for Defendant White, it too is readily distinguishable. In *Keck,* a defendant refused to declare diamonds to a customs officer when directly asked. 172 U.S. at 440. The Court found that this was not sufficient to support a conviction for importing the diamonds "contrary to law" since the goods had not passed the customs line. However, the Court based its holding on the fact that the defendant was unaware that he was speaking to a customs officer since the officer did not wear a uniform and did not advise the defendant that he was an officer. *Id.* at 441. In contrast. Defendant White repeatedly failed to declare the goods when asked to do so by individuals known by White to be customs officials.

Another line of more relevant cases explain that although an offense under 18 U.S.C. § 545 generally requires that the defendant pass the customs line, an offense under the statute is complete if the defendant fails to declare the goods when called upon to do so by customs officers. This is true even when the goods are discovered before the defendant passes the customs line. Thus, the Supreme Court held in *United States v. Ritterman,* 273 U.S. 261, 269, 47 S.Ct. 371, 71 L.Ed. 636 (1927), that a defendant violated 18 U.S.C. § 545 when he failed to declare goods at the request of customs officers although he had not yet crossed the customs line. *Accord United States v. Salas–Camacho,* 859 F.2d 788, 790 (9th Cir.1988); *Newman v. United States,* 276 F. 798 (2d Cir.1921), *cert. denied,* 258 U.S. 623, 42 S.Ct. 317, 66 L.Ed. 796 (1922); *Rogers v. United States,* 180 F. 54, 60–61 (6th Cir.1910); *United States v. 218 ½ Carats Loose Emeralds,* 153 F. 643 (S.D.N.Y.1907), *aff'd,* 154 F. 839 (2d Cir.1907).

Similar to the defendant in *Ritterman,* United States Customs asked Defendant White several times if he had anything else to declare. *See Ritterman,* 273 U.S. at 269. Each time White answered negatively. Like the defendant in *Ritterman,* White "could not purge himself of the consequences of his fraud by confessing when he saw that he was on the point of being discovered." *See id.* Because White did not declare the firearm magazines when first asked to do so, we find that a "rational trier of fact" could have found White guilty beyond a reasonable doubt of an offense under 18 U.S.C. § 545. Therefore, we affirm the district court's finding that sufficient evidence supported a finding

that White violated 18 U.S.C. § 545 in importing the firearm magazines into the United States.

### C. *Sufficiency of the Indictment*

■ Defendant White next argues that the first count of the indictment failed to sufficiently apprise him of the charge against him. White acknowledges that the adequacy of the indictment was not raised before the district court. An appellate court reviews the sufficiency of an indictment *de novo. United States v. Gatewood,* 173 F.3d 983, 986 (6th Cir.1999). However, a defendant who challenges the adequacy of an indictment for the first time on appeal has the burden of satisfying the plain-error rule. *United States v. Cotton,* 535 U.S. 625, 632, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Under this rule, an appellate court will correct an error not raised at trial only if the error (1) is plain, (2) affects substantial rights, and (3) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* (citing *Johnson v. United States,* 520 U.S. 461, 466, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)).

Count one of the indictment charging Defendant White reads:

> Johnny White, defendant herein, did fraudulently and knowingly import and bring into the United States certain merchandise, that is, approximately forty-five (45) high-capacity firearm magazines, contrary to law, in violation of Title 18, United States Code, Section 545.

To be sufficient, an indictment generally must state the elements of the offense charged with sufficient clarity to advise a defendant of the charge being made against him. *See* Fed. R. Crim.P. 7(c)(1). Defendant White argues that the phrase "contrary to law" failed to inform him of the nature of the charge. Apparently, tri-

al defense counsel believed that the firearm magazines were "contrary to law" because the Government alleged that the magazines were themselves illegal. Contrary to what the defense counsel believed, the indictment charged Defendant White under § 545 only because he had not declared the firearm magazines. Defendant White's position finds support in *Keck v. United States,* 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505 (1899) (holding that the words "contrary to law" in § 545 did not apprise a defendant of the nature of the charge without reference to some additional statute); *accord Olais–Castro v. United States,* 416 F.2d 1155, 1158 (9th Cir.1969); *Steiner v. United States,* 229 F.2d 745, 748 (9th Cir.1956); and *Babb v. United States,* 218 F.2d 538, 541 (5th Cir.1955).

In *Keck,* the indictment charged the defendant with importing diamonds "contrary to law." *Keck,* 172 U.S. at 437. The diamonds were not contraband, and the Supreme Court found the defendant could easily have been confused over what law he had violated. *Id.* Other counts of the indictment alleged that the defendant had imported the diamonds without payment of the proper duty. However, the Court found that the other counts did not necessarily establish what law was meant in the count alleging a violation of 18 U.S.C. § 545. *Id.* On this point, *Keck* remains good law today. *See, e.g, Olais–Castro,* 416 F.2d at 1158.

We find the indictment charging Defendant White may be insufficient under the reasoning of *Keck.* Like the defendant in *Keck,* Defendant White easily could have been confused over which law he had violated. In fact, the trial transcript amply documents such confusion. On several occasions, defense counsel attempted to get before the court testimony on the legality of the firearm magazines. (J.A. at 49, 84, & 116). In fact, the defense called one

witness simply for this purpose and subsequently dismissed the witness when the district court stated it would not allow the testimony. (J.A. at 116).

The Government contends that even if Count One of the indictment was not a model of clarity, the indictment as a whole sufficiently clarifies Count One. Specifically, the Government suggests that Count Two of the indictment explicates that importing the firearm magazines was contrary to law in Count One because Defendant White failed to declare the firearm magazines.[5] Thus, the Government argues that Defendant White experienced no prejudice from any deficiency in Count One. The Government relies in large part on *United States v. Normandeau*, 800 F.2d 953 (9th Cir.1986), *overruled in part on other grounds by United States v. Nordby*, 225 F.3d 1053, (9th Cir.2000).

In *Normandeau*, one count of an indictment charged the defendant under 18 U.S.C. § 545 with having "received[d], conceal[ed] and facilitated[d] the concealment and transportation of . . . [more than] 1,000 pounds of marijuana in the form of hashish, knowing that [it] had been imported into the United States contrary to law." 225 F.3d at 957–58. Count Five of the indictment made clear that this importation violated 21 U.S.C. § 952. *Id.* at 958. The court concluded that the indictment, when read as a whole, sufficiently informed the defendant of the nature of the § 545 charge so that no significant prejudice resulted. *Id.*

Defendant White's situation is distinguishable from the *Normandeau* defendant. While marijuana is contraband, commonly known to be illegal in and of itself, the firearm magazines were not contraband. Thus, Defendant White could have been confused over what law he had violated in Count One of the indictment. *See Normandeau*, 800 F.2d at 958 (distinguishing *Keck* based on the fact that "diamonds were not contraband," and defendant in *Keck*, therefore, could easily have been confused over what law he had violated).

■ We find that the indictment is insufficient. Unlike the defendant in *Keck*, however, Defendant White failed to challenge the sufficiency of the indictment at the trial court level. *See Keck*, 172 U.S. at 436. Therefore, we must consider whether the error in the indictment substantially affected Defendant White's rights and seriously interfered with the fairness and integrity of the judicial proceedings. *See United States v. Cotton*, 535 U.S. 625, 632, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Only then may the court afford Defendant White relief from the error.

In order to affect Defendant White's substantial rights, the error must have affected the outcome of the district court proceedings. *See United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In other words, the error must have prejudiced the defendant. Courts have been cautious in finding prejudice from an erroneous indictment when the defendant delays raising the issue until the appeal stage. *See, e.g., United States v. Lo*, 231 F.3d 471, 481 (9th Cir.2000) (noting that a late challenge "suggests a purely tactical motivation and is needlessly wasteful because pleading defects can usually be readily cured through a superseding indictment before trial").

---

5. Count Two of the indictment reads:
   On or about September 15, 1999, at Hebron, Boone County, in the Eastern District of Kentucky, Johnny White, defendant herein, did enter and introduce, and attempt to enter and introduce, into the commerce of the United States, imported merchandise, that is, approximately forty-five (45) high-capacity firearm magazines, by means of a false and fraudulent declaration, in violation of Title 18, United States Code, Section 542.

The error in the indictment did not affect Defendant White's substantial rights. Count Two of the indictment alerted White that he had to defend against the charge of importing the firearm magazines by means of a false and fraudulent declaration. Indeed, the trial transcript documents that White defended against this charge by arguing that he had been selectively prosecuted for his fraudulent declaration of goods. Despite the error in the indictment. Defendant White still defended against the charge. At most, Defendant White believed that he had to defend against an additional charge of importing illegal firearms.

We find that the error associated with the vague indictment language did not substantially affect White's rights. In addition, the error did not "seriously affect the fairness, integrity, or public reputation of the proceeding." The evidence from the testifying customs officials was "overwhelming" and "essentially uncontroverted." Therefore, the error did not undermine the fairness, integrity, or public reputation of the proceeding. *See Cotton,* 535 U.S. at 633 (finding that when evidence was overwhelming and essentially uncontroverted, plain error in the indictment did not seriously affect the fairness, integrity, or public reputation of the proceeding).

At trial, the Government presented evidence that Defendant White's declaration form did not include the firearm magazines. (J.A. at 26). A customs inspector, David Smith, testified at length about the opportunities he gave Defendant White to declare additional items. Inspector Smith further testified that he found the firearm magazines in the Defendant's luggage (J.A. at 40). Another Customs Inspector, Ted Cuckler, confirmed the testimony of Inspector Smith. (J.A. at 61). Yet another Customs Officer, Bill Baker, testified that he interviewed Defendant White and provided him with additional opportunities to declare the firearm magazines. Officer Baker testified that Defendant White continued to claim that he believed he did not need to declare the items since he had not purchased them (J.A. at 76). Defendant White did not attempt to dispute the Government's evidence but instead argued that the Government had selectively prosecuted him. (J.A. at 117–18). The record does not suggest that Defendant White was wrongly convicted based on the error in the indictment. In light of this, we hold that no basis exists for concluding that the error in the indictment "seriously affected the fairness, integrity, or public reputation of the proceeding."

### III. CONCLUSION

For the forgoing reasons, we **AFFIRM** the judgment of conviction entered by the District Court.